IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

PAUL CRAVER,

                        Plaintiff,

vs.                                        Civil Action No.
                                                1:08-CV-0620 (DEP)

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                        Defendant.

---

APPEARANCES:                           OF COUNSEL:

FOR PLAINTIFF

OFFICE OF MARGOLIUS               PETER M. MARGOLIUS, ESQ.
7 Howard St.
Catskill, New York 12414

FOR DEFENDANT

OFFICE OF GENERAL COUNSEL      MARIA P. SANTANGELO, ESQ.
Social Security Administration
26 Federal Plaza - Room 3904
New York, NY 10278

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

    Currently pending in this action, in which plaintiff seeks judicial review

of an adverse administrative determination by the Commissioner, pursuant

to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on February 11, 2009 during a telephone conference which was both digitally recorded, and at which a court reporter was also present. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in his appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1)   Defendant's motion for judgment on the pleadings is GRANTED.

2)   The Commissioner's determination that plaintiff was not disabled

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3)   The clerk is directed to enter judgment, based upon this determination, dismissing plaintiff's complaint in its entirety.

David E. Peebles
U.S. Magistrate Judge

Dated:   March 2, 2009
         Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------x
PAUL CRAVER,

                                    Plaintiff,

vs.                          08-CV-620

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.
------------------------------------------------x
```

Transcript of Telephone Conference (Decision) held on February 11, 2009, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, Presiding.

A P P E A R A N C E S

For Plaintiff:      OFFICE OF PETER M. MARGOLIUS
                    Attorney at Law
                    7 Howard Street
                    Catskill, New York 12414
                       BY:  JANICE CAMMARATO, Paralegal

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of Regional General Counsel
                    26 Federal Plaza
                    New York, New York 10278
                       BY:  MARIA P. FRAGASSI SANTANGELO, ESQ.
                            NEIL ABRAHAM, ESQ.

*Eileen McDonough, RPR, CRR*
*Official U.S. Court Reporter*
*100 S. Clinton Street*
*Syracuse, New York 13260*
*(315)234-8546*

1    THE COURT: All right. I'll let that be the
2  last word. Let me express my appreciation for excellent
3  written and oral presentations.
4    Ms. Cammarato, I would caution, I think your
5  employer has put you in a potentially precarious situation by
6  having you appear. This is a court appearance, even though
7  you're probably sitting in your office, and I would be a
8  little concerned about unauthorized practice of law by a
9  paralegal. But I certainly understand that you have the
10 capability, I'm not questioning that, and you certainly have
11 a full understanding of the facts of the case, and I
12 appreciated your insights and I have considered them
13 carefully.
14   The issue that faces me is determining whether
15 the plaintiff was disabled within the meaning of the Social
16 Security Act at any time from the alleged onset date
17 specified in his application for benefits through the end of
18 his insured status, which was December 31, 2001. I've
19 applied the requisite standard, which is significantly
20 deferential, and my charge is to determine whether the
21 appropriate legal principles were applied by the
22 Administrative Law Judge and whether his result is supported
23 by substantial evidence.
24   The Administrative Law Judge embarked upon the
25 requisite five-step process to determine disability and

1  appropriately allocated the burden of proof at the first four
2  steps to the claimant.  There is no question that in April of
3  1996, based upon concerns voiced by co-workers, the plaintiff
4  was examined psychiatrically, tested psychologically, and
5  determined to suffer from a recognized diagnosed disorder.
6  It has been referred to by some as hypomania, personality
7  order, NOS, not otherwise specified, including by Dr. John
8  Wapner, and bipolar disorder, NOS, by Dr. Shin.
9           I note that the definition, Dorland's
10 definition of hypomania, a term that I was not entirely
11 familiar with, is an abnormality of mood resembling mania
12 (persistent elevated or expansive mood, hyperactivity,
13 inflated self-esteem) but of lesser intensity.  That appears
14 at Dorland's Medical Dictionary at page 916.
15           In September of 1996 plaintiff was cleared for
16 work.  At that point Dr. Nieves determined that plaintiff's
17 bipolar disorder was in remission, and Dr. Shin concluded
18 that plaintiff seems ready for work under close supervision.
19 He returned to work and by all accounts was, as counsel has
20 stated, disgruntled over his assignment, unable to complete
21 work, he left, did not seek work elsewhere, did not seek
22 treatment until October of 2002, but instead chose to move to
23 Georgia and live off his savings.
24           I agree with defendant's counsel that although
25 plaintiff may have been diagnosed with potentially disabling

1   mental conditions such as bipolar disorder, it is his burden
2   to prove that those -- that the limitations associated with
3   that disorder precluded him from performing basic work
4   activities.
5           I've reviewed carefully the records from
6   subsequent treatment at Columbia Memorial Hospital and at
7   Albany Medical Center.  It appears clear to me that the
8   incident in October of 2002 was precipitated by stressors,
9   which included his mother's death which occurred in March of
10  2001, I believe, the selling of his home in Georgia, and his
11  job search, significantly in connection with that
12  hospitalization.  Plaintiff stated that he had been depressed
13  over the past four weeks, which would not take us back to
14  anywhere near the disability, the insured period.
15          So, given all of that, I find that the
16  determination of the Administrative Law Judge is supported by
17  substantial evidence and that he was not required to proceed
18  further and that the finding of no disability should be
19  affirmed.
20          So, on that basis I will grant defendant's
21  motion for judgment on the pleading, dismiss plaintiff's
22  complaint and affirm the Commissioner's determination.
23          I will be issuing a written short form order
24  to which I will attach a transcript of my oral determination.
25  You, obviously, then can appeal within thirty days from the

```
                                                                  5
 1  entry of judgment.
 2              Again, I express appreciation to both sides
 3  for excellent presentations and I hope you have a good day.
 4              MS. CAMMARATO:  Thank you, Judge.
 5              MS. FRAGASSI:  Thank you.
 6                  *           *           *
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

C E R T I F I C A T I O N

       I, EILEEN MCDONOUGH, RPR, CRR, Official Court Reporter in and for the United States District Court, Northern District of New York, DO HEREBY CERTIFY that I attended the foregoing proceedings, took stenographic notes of the same, and that the foregoing is a true and correct transcript thereof.

_____
EILEEN MCDONOUGH, RPR, CRR
Official U.S. Court Reporter